UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY JANE GROSS, and
TERRY GROSS,

        Plaintiffs,

        Case No. 2:16-cv-10215

v.

        HONORABLE VICTORIA A. ROBERTS

COUNTY OF WAYNE, and
RAYMOND CARNILL,

        Defendants.
_____/

**ORDER DENYING MOTION TO REMAND (Dkt. # 5)**

**I.   INTRODUCTION**

Plaintiffs filed a Motion to Remand (Dkt. # 5), which Defendants oppose. The Motion is **DENIED**.

Before turning to the legal arguments, the factual time line must be established. The Gross's filed this suit on December 9, 2015, in the Wayne County Circuit Court. Five days later, the County acknowledged service of the Summons issued in its name. On December 22, 2015, the Wayne County Circuit Court issued an Order granting the Gross's *ex parte* motion to permit alternate service on Raymond Carnill by serving the Wayne County Corporation Counsel. That service was never made; the *ex parte* motion was never withdrawn. On January 21, 2016, Defendants filed a joint Notice of Removal (Dkt. # 1).

**II.    DISCUSSION**

28 U.S.C. § 1446 governs the procedures for removal under 28 U.S.C. § 1441. Section 1446(b)(1) states:

> The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

Wayne County was served on December 14, 2015. 30 days later, calculated pursuant to FED. R. CIV. P. 6(a)(1)(A), was January 15, 2016. If Wayne County was the only Defendant, the January 21, 2016 Notice of Removal would be untimely.

But where a suit is brought against multiple defendants, the time for removal must be calculated as to each defendant. *See* 28 U.S.C. § 1446(b)(2)(B) ("*Each* defendant shall have 30 days after receipt by or service *on that defendant* of the initial pleading or summons described in paragraph (1) to file the notice of removal") (emphasis added). Moreover, previously served defendants must consent to the removal. *See id.* at § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."). The consent provision modifies the otherwise strict 30 day time bar, allowing an earlier served defendant to tag along with a co-defendant's timely request for removal. *See id.* at § 1446(b)(2)(C) ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.") Thus, the core issues in

this motion are whether Carnill is Wayne County's co-defendant and thus a party, and whether he properly and timely removed the case.

In emails filed with these motion papers, it appears the Plaintiffs do not intend to pursue their claims against Carnill. Nonetheless, he remains a named party and the Gross's have not taken formal steps to dismiss him. Nor have they sought to cancel the outstanding Wayne County Circuit Court Order permitting alternate service. They seek to drop Carnill by failing to properly serve him. While this would ordinarily deprive the Court of personal jurisdiction, Carnill has waived this defense by personally entering an appearance. As a result, notwithstanding Plaintiffs' arguments that they do not seek to serve Carnill, all objective indications point to him remaining in the suit and subject to service.

Next, the Court turns to the timeliness of Carnill's removal. Subject to the Wayne County Circuit Court's Order dated December 22, 2015, service was to be made on Carnill. The Supreme Court established four ways to calculate the timeliness of service, one of which is applicable to this case. *See Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354, 119 S. Ct. 1322, 1328-29, 143 L. Ed. 2d 448 (1999). The fourth *Murphy Brothers* calculation provides "if the complaint is filed in court prior to any service, the removal period runs from the service of the summons." *Id.* at 354. "[A] named defendant's time to remove is triggered . . . not by mere receipt of the complaint unattended by any formal service." *Id.* at 347-48.

The original complaint was filed on December 9th, 2015. The Gross's concede that they never served Carnill. Accordingly, Carnill's 30-day removal period technically has not started to run as of the date of this Order. Thus, contrary to the Gross's

assertions (Dkt. 5 at 10), the Supreme Court has provided that the 30-day time limit for removal can be more or less extended to any length of time as long as another party has been named but not served. "In each of the four categories, the defendant's period for removal will be no less than 30 days from service, and in some categories, it will be more than 30 days from service, depending upon when the complaint is received." *Murphy Bros.*, 526 U.S. at 356. The Supreme Court's underlying concern in *Murphy Brothers* is applicable in this instance: "it would take a clearer statement than Congress has made . . . to set removal apart from all other responsive acts, to render removal the sole instance in which one's procedural rights slip away before the service of a summons." *Murphy Bros.*, 526 U.S. at 356.

Alternatively, if the 30 days were to run from the date Carnill's counsel first *discovered* the Order allowing alternate service and appeared on his behalf, Carnill would have 30 days from January 21st, 2016 – February 22, 2016 – to file the notice of removal. Even under the most strict time line for Carnill – if he were deemed to be on constructive notice as of the date the Order for substitute service was *entered* on December 22, 2015 – he would have until January 21st, 2016. The record indicates that Carnill's attorney filed the Notice of Removal on January 21st, 2016. This removal is timely.

Moreover, the Court declines to find that Carnill was served when the County was served on December 14, 2015. The Gross's assert that "the County cannot extend time for an unserved employee when the County knew the employee was listed as a co-Defendant when it was served," citing *Iulianelli v. Lionel, L.L.C.*, 183 F. Supp. 2d 962, 965 (E.D. Mich. 2002). That authority is inapposite to the present facts; the *Iulianelli*

Court expressed serious doubt about whether the defendants "can even be considered separate entities" and also found that the parties were well aware of the error as they had presented it to the Court. *Id.* at 966. Moreover, that Court found that the need for substitution of the named defendant in no way affected the federal-question ground for or timing of removal. *Id.* This case does not involve substitution, but rather concerns two distinct co-defendants.

The rules are clear: "[e]*ach* defendant shall have 30 days after receipt by or service *on that defendant* of the initial pleading or summons described in paragraph (1) to file the notice of removal" 28 U.S.C. § 1446(b)(2)(B) (emphasis added). The Gross's attached to their motion to remand *one* summons for Wayne County and Wayne County's acknowledgment of service. Both documents list only Wayne County. Neither document refers to Carnill. The Gross's counsel, via email, acknowledged "Based on our current view, we haven't served Carnill in this case and we are not going to." Dkt. #5, Ex. 4. Thus, based on the text of the statute, the documentation provided to this Court, and Plaintiffs' admission, it would not be proper to deem service on Wayne County extended to Carnill.

In addition, the Court finds no merit in Plaintiffs' suggestion that the County somehow had a duty to figure out whether Carnill had been served before removal. What Wayne County did do is accept alternate service of process on behalf of Carnill, waiving any defect in service on him, and triggering the 30 day removal period on the day it accepted service. Plaintiffs did not even suggest an intention to abandon their claim against Carnill – and not serve him – until after Defendants filed their Notice of Removal. Based on *Murphy Bros.*, 526 U.S. at 354, Defendants were within their rights

to remove when they did.

The Gross' final argument is that the Notice of Removal is insufficient since it did not include "records related to service [on] Carnill." This argument is unpersuasive, since under the authority of *Cadez v. Residential Credit Sols., Inc.*, 2013 WL 2238486, at *1 (E.D. Mich. May 21, 2013), "defendants [are] not required to file all of the pleadings from the state court proceeding, only those that were served on them." *Id.* (citing *Cook v. Randolph Cnty., Ga.*, 573 F.3d 1143, 1150 (11th Cir. 2009)). The attachments to the Notice of Removal included the Complaint, Summons of Wayne County, and Wayne County's Acknowledgment of Service. This was sufficient. Moreover, as previously stated, service was never made on Carnill; he could not have attached anything else.

The Gross's Motion to Remand is **DENIED**.

**IT IS ORDERED.**

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: March 8, 2016

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on March 8, 2016.

S/Carol A. Pinegar
Deputy Clerk